UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>        Plaintiff,<br><br>    v.<br><br>WALTER WEBER, MARY WEBER, and DOES I through X, inclusive,<br><br>        Defendants. | No. 2:15-cv-00758-GEB-CMK<br><br>**ORDER GRANTING PLAINTIFF'S REMAND MOTION AND DENYING PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEY'S FEES**[*] |

Plaintiff moves "for an order remanding this case to the state court whence it originated," arguing, *inter alia*:

> Defendants' removal of this case is improper because there is no legal basis supporting removal. Plaintiff's complaint is one cause of action, unlawful possession of real property located in Shasta County, California, which is clearly based on state law. Defendants' notice of removal asserts removal is based upon the presence of an issue of federal law.

(Pl.'s Remand Mot. ("Mot.") 1:28-2:1, 4:3-6, ECF No. 4.) Plaintiff further requests under 28 U.S.C. § 1447(c) "reasonable costs and attorney's fees associated with th[e] motion." (Id. at 3:5-7.)

Defendants did not file a response to the motion.

---

[*] The undersigned judge revokes referral to the assigned Magistrate Judge for the purposes of Findings and Recommendations in this case.

1

**A.   Remand Motion**

"There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendants assert in the Notice of Removal ("NOR") that federal question removal jurisdiction exists. (NOR ¶ 3, ECF No. 1.) Essentially, Defendants contend the Notice to Vacate the Premises they received following the foreclosure sale of their home "expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201" and indicate this statute will be a defense and/or counterclaim to Plaintiff's Complaint. (Id. at ¶ 7.)

However, review of the Complaint reveals Plaintiff alleges a single claim for unlawful detainer under California law, and "[a]s a general rule, . . . a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Under the "well-pleaded complaint rule[,] . . . 'a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint . . . .'" Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).

2

Similarly, "federal [question] jurisdiction [cannot] rest upon an actual or anticipated counterclaim." Vaden v. Discover Bank, 556 U.S. 49, 50 (2009). Therefore, Defendants' reliance on the 90-day notice provision in Protecting Tenants at Foreclosure Act is an impermissible basis for removal.

Since Defendants have not shown the existence of federal question removal jurisdiction, Plaintiff's remand motion is GRANTED, and this case is remanded to the Superior Court of California for the County of Shasta from which it was removed.

**B.   Request for Costs and Attorney's Fees**

Plaintiff seeks attorney's fees and costs arguing: "Given the circumstances [concerning the timing of removal], the removal appears to be an attempt to delay the eviction." (Mot. 2:27.)

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Plaintiff has neither addressed this fee standard with sufficient argument nor the situation here where each Defendant is pro se and did not oppose the remand motion. See Baldini Real Estate, Inc. v. Cruz, No. 15-CV-2932 YGR, 2015 WL 4760510, at *3 (N.D. Cal. Aug. 12, 2015) (denying the plaintiff's request for attorney's fees upon remand of unlawful detainer action,

3

indicating the defendant's pro se status and lack of opposition to the remand motion are relevant to the decision of whether to award attorney's fees); accord Wilmington Trust, N.A. v. Mobley, No. CV15-2910 CAS (AJWx), 2015 WL 3649578, at *3 (C.D. Cal. June 10, 2015) ("The Court cannot conclude that it [wa]s objectively unreasonable for a pro se party, lacking basic legal knowledge, to attempt to remove [the] action to federal court."); Colline v. Alexander, No. 2:14-cv-1245-TLD-KJN PS, 2014 WL 2527213, at *4 (E.D. Cal. June 2, 2014) ("[T]he Court, in light of Defendant's pro se status, . . . declines to order the payment of costs and expenses . . . .").

Further, Plaintiff did not submit evidence on the amount of costs and fees it "incurred as a result of the removal." 28 U.S.C. § 1447(c); see generally Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987) ("The fee applicant has the burden of producing satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.").

For the stated reasons, Plaintiff's request for costs and attorney's fees is DENIED.

Dated: September 1, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge